## Shoemaker's Estate.

*Wills—Charitable bequests—Witness—Disinterested witness.*

Prior to the passage of the Act of June 7, 1911, P. L. 702, a gift to a charity by will failed when one of the attesting witnesses was a beneficiary in the will although he had no interest in the charity.

Argued Jan. 30, 1912. Appeal No. 5, Jan. T., 1912, by The Academy of Natural Sciences of Philadelphia, from decree of O. C. Montgomery Co., May state court, 1911, No. 37, dismissing exceptions to adjudication in Estate of Martha Shoemaker, deceased. Before FELL, C. J., BROWN, MESTREZAT, POTTER and STEWART, JJ. Affirmed.

Exceptions to adjudication.

The proceedings were upon the final account of a substituted trustee under the will of Martha Shoemaker, deceased, who died on or about September 20, 1881, letters testamentary upon her estate having been granted November 25, 1881.

SOLLY, J., filed the following opinion:

The question raised at the audit was, is a person, who is a legatee under a will, qualified to be an attesting witness, where the will contains a bequest to a charity in which such person and legatee has no interest? It was decided that he was not a disinterested witness within the intent and meaning of the Act of April 26, 1855, P. L. 328, and the gift to the charity was declared void.

E. M. Fernon (called Mrs. Fernon in the will), one of the subscribing witnesses, was given a legacy, if she survived one of the life beneficiaries. She died in the lifetime of the beneficiary. A gift was made to the Academy of Natural Sciences of Philadelphia, a charitable institution. The will was executed more than one

calendar month before the death of the testatrix. It was conceded that Mrs. Fernon never was a member of the Academy or interested in it. We held that as she was interested in the will at the time of its execution, by its terms, being a legatee, she was disqualified to be an attesting witness under the law.

This conclusion was based upon what is laid down in Kessler's Estate, 221 Pa. 314, and since approved in Stinson's Estate (No. 1), 232 Pa. 218. The Act of 1855 is construed in these cases, and they hold that the interest which disqualifies a witness thereunder is such an interest as appears to exist at the time of the execution of the will, either by the terms of the will itself, or by reason of the attesting witness being then interested in the religious or charitable institution for which provision is made by the testator, or both, or either, as the case may be.

We cannot add anything of profit to what is said in the adjudication in discussing the question. When Kessler's estate was decided, the law was declared to be that no person interested in a will could be an attesting witness to it if there are religious or charitable bequests given. The legislature has changed the law as thus laid down. By the Act of June 7, 1911, P. L. 702, the Act of 1855 is amended, and a disinterested witness is defined to be, "a witness not interested in such religious or charitable use" and the intention of the legislature is declared to be that the act as amended shall not apply "to a witness interested in some other devise, bequest, or gift in the same instrument."

And now, December 8, 1911, after argument and due consideration, the exceptions are dismissed, and the adjudication is absolutely confirmed.

*Error assigned* was in in dismissing exceptions to adjudication.

*George Vaux, Jr.,* for appellant.

George K. Brecht, with him Louis M. Childs, for appellees.


PER CURIAM, March 18, 1912.

We concur in the conclusion announced by the learned judge of the orphans' court that under the decision in Kessler's Estate, 221 Pa. 314, the bequest to the appellants was void and on his opinion the order dismissing the exceptions and confirming the adjudication is affirmed at the cost of the appellant.